UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RENODE C. COLLINS (#313898)

VERSUS                                          CIVIL ACTION

JAMES M. LEBLANC, ET AL                         NUMBER 11-503-JJB-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 10, 2011.

                                              STEPHEN C. RIEDLINGER
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RENODE C. COLLINS (#313898)

VERSUS                                          CIVIL ACTION

JAMES M. LEBLANC, ET AL                         NUMBER 11-503-JJB-SCR

<u>MAGISTRATE JUDGE'S REPORT</u>

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Warden N. Burl Cain, Legal Programs Director Trish Foster, Administrative Supervisor Tara Bonnette and an unidentified designee of the Secretary. Plaintiff alleged that the defendants interfered with his access to the courts and as a consequence the state appellate court denied a claim raised in his post-conviction relief application ("PCRA") on procedural grounds. Record document numbers 1 and 8.

**I. Background**

Plaintiff alleged that in November 2006, he sent a judgment issued by the Louisiana First Circuit Court of Appeal to the legal programs department for copying. Plaintiff alleged that a copy of the judgment was required to seek review by the Louisiana Supreme Court of a PCRA. Plaintiff alleged that the legal programs

department failed to provide him with the requested copies.

Plaintiff alleged that in December 2006, he filed an administrative grievance ("ARP") in an effort to obtain copies of the judgment.[1] Plaintiff alleged that when he did not receive a response to his ARP, he filed a writ application to the Louisiana Supreme Court and enclosed a letter indicating that he would forward a copy of the First Circuit Court of Appeal judgment when the legal programs department returned the copies to him.

Plaintiff alleged that on February 6, 2007, his writ application was returned, unfiled, from the Louisiana Supreme Court with a notation that the plaintiff failed to forward a copy of the First Circuit Court of Appeal judgment.

Plaintiff alleged that he subsequently raised the same claim in a PCRA but "a bar was applied."[2] Specifically, the plaintiff alleged that the First Circuit Court of Appeal denied the claim from the PCRA "holding that the application included the same claim

---

[1] Plaintiff's ARP was placed on backlog because the plaintiff had other administrative grievances pending at the time he filed this ARP. *See* Record document number 6-1, p. 2, Record of Administrative Proceedings, LSP-2007-0510, First Step Response.
   Plaintiff alleged that in the First Step Response to his ARP, Bonnette stated that the legal programs department received his request for copies on November 27, 2006, and the documents were copied and placed in farm mail on November 28, 2006. Plaintiff alleged that he proceeded to the Second Step of the ARP, and was denied relief by the unidentified designee who relied on the response provided at the First Step. Record document number 1, pp. 6-7, Complaint.

[2] Record document number 8, Amended Complaint, p. 4.

2

raised in the writ application that was sent back from the Louisiana Supreme Court."[3]

## II. Applicable Law and Analysis

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A substantive right of access to the courts has long been recognized. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977). Access to the courts is protected by the First Amendment right to petition for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). That right has also been found in the Fourteenth Amendment guarantees of procedural and substantive due process. *Ryland v. Shapiro*, 708 F.2d 967, 971-75, (5th Cir. 1983).

In its most obvious and formal manifestation, the right protects one's physical access to the courts. Thus, for example, prison officials cannot refuse to transmit, or otherwise block, through procedural devices, the transmission of legal documents

---

[3] *Id*. at 5.

which prisoners wish to send to the courts. Nor can they take other actions--such as taking or destroying legal papers--that have a similar effect. *Crowder v. Sinyard*, 884 F.2d 804 (5th Cir. 1989), *cert. denied*, 496 U.S. 924, 110 S.Ct. 2617 (1990). Some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987).

A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). Plaintiff filed *Renode Collins v. N. Burl Cain*, *et al*, CV 10-373-JJB-DLD, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which the state court criminal record was filed. The court hereby takes judicial notice of the proceedings held in *Renode Collins v. N. Burl Cain*, *et al*, CV 10-373-JJB-DLD and the state court criminal record filed therein.

**A. State Criminal Court Procedural History**

Collins was found guilty of one count second degree murder in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana on September 21, 2004, and was sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.

The First Circuit Court of Appeal affirmed Collins' conviction and sentence. *State of Louisiana v. Renode Collins*, 2005-0667 (La. App. 1st Cir. 12/22/05), 920 So.2d 1003 (Table). Collins sought supervisory review by the Louisiana Supreme Court which denied review on June 23, 2006. *State of Louisiana v. Renode Collins*, 2006-0200 (La. 6/23/06), 930 So.2d 974.

On August 7, 2006, Collins filed a motion for new trial, which was denied by the trial court on August 23, 2006. At issue in the motion for new trial was whether a supplemental report prepared by Detective Ron LeJeaune, regarding State Police Crime Lab DNA test results, was improperly withheld and whether the State introduced perjured testimony from Forensic Scientist Julia Naylor regarding the DNA test results.[4] Collins sought review by the Louisiana First Circuit Court of Appeal which denied review on October 30, 2006. *State of Louisiana v. Renode Collins*, 2006-1867 (La. App. 1st Cir. 10/30/06) (unpublished opinion). Collins did not seek review by the Louisiana Supreme Court.

In his federal habeas corpus application, Collins asserted that he sought review in the Louisiana Supreme Court on November 15, 2006, but his writ application was returned, unfiled, by the court on February 1, 2007, because he failed to include a copy of the First Circuit Court of Appeal judgment. Collins was advised that he could resubmit the writ application, but the lower court

---

[4] State Court Record, Vol. 3, pp. 637-656.

judgment must be included. Collins conceded in his federal habeas corpus application that he did not resubmit the writ application to the Louisiana Supreme Court.

Collins filed a PCRA in the trial court on June 2, 2008. Collins asserted four issues, two of which were the same issues raised in his motion for new trial.[5] Collins filed an amended the post-conviction relief application in mid-September 2008. At a hearing held October 7, 2008, the trial court denied the original PCRA. A review of the PCRA transcript showed that no procedural bar was imposed by the trial court.[6] The amended PCRA was later denied as untimely.

Collins appealed the judgment of the district court to the Louisiana First Circuit Court of Appeal. On February 26, 2009, the Louisiana First Circuit Court of Appeal dismissed the appeal because the denial of a PCRA is not an appealable judgment. *State of Louisiana v. Renode Collins*, 2009-0171 (La. App. 1st Cir. 2/26/09) (unpublished opinion).

Collins also filed an application for a writ of review of the denial of his PCRA. The Louisiana First Circuit Court of Appeal considered the claims raised in the original and amended PCRA and denied review. *State of Louisiana v. Renode Collins*, 2008-2654

---

[5] *Id*. at 673-682.

[6] *Id*. at 702-743.

(La. App. 1st Cir. 4/3/09) (unpublished opinion).[7] The appellate court did not rely on a procedural bar.

Collins sought review by the Louisiana Supreme Court which was denied on March 5, 2010. *State ex rel. Renode Collins v. State of Louisiana,* 2009-0741 (La. 3/5/10), 28 So.3d 1009.

**B. No Detriment**

Accepting as true the plaintiff's allegations that in November 2006 defendants Bonnette and Foster did not provide him with a copy of the First Circuit Court of Appeal judgment, it is abundantly clear that the plaintiff cannot show that he suffered any detriment caused by the challenged conduct. A review of the state criminal court proceedings showed that the claims raised in the motion for new trial were addressed in the plaintiff's PCRA. Neither the trial court nor the First Circuit Court of Appeal imposed a procedural bar.

**C. Respondeat Superior**

Plaintiff named Secretary LeBlanc and Warden Cain as

---

[7] "Although the district court erred in denying the supplement as untimely, we note that relator's supplemental postconviction relief application raises claims included in the original postconviction relief application and includes claims raised in a prior writ application. See **State v. Collins,** 2006 KW 1867 (La. App. 1st Cir. 10/30/06)(unpublished). Thus, the claims raised in relator's postconviction relief application are hereby denied." The reference to the decision in 2006 KW 1867 is to the plaintiff's writ application seeking review of the trial court's denial of his motion for new trial.

7

defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain and Assistant Warden Coody are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It is clear from a review of the complaint, the record in CV 10-373-JJB-DLD and the state criminal court record, that there are no additional facts, consistent with those in the complaint, which the plaintiff could allege to overcome the finding that he did not sustain any harm as a result of the defendants' alleged inactions.

Therefore, it is the further recommendation of the magistrate judge that this action be dismissed without affording the plaintiff

a further opportunity to amend his complaint.

Baton Rouge, Louisiana, November 10, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE